UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RAMIREZ-SALGADO, | No. 2:18-cv-0185 AC P |
| Plaintiff, | |
| v. | ORDER |
| J. LEWIS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

In addition to filing a complaint and a request to proceed in forma pauperis (see ECF Nos. 1, 2), plaintiff has also filed in recent months a motion for assistance in serving defendants (ECF No. 7), a motion to amend the complaint along with an amended complaint (ECF Nos. 9, 10), and a motion for appointment of counsel (ECF No. 11). For the reasons stated below, the court will grant plaintiff's request to proceed in forma pauperis, deny plaintiff's motion for assistance in serving defendants, grant plaintiff's motion to amend the complaint, and deny plaintiff's motion to appoint counsel.

I.  APPLICATION TO PROCEED IN FORMA PAUPERIS

Plaintiff has made the showing required by statute to proceed in forma pauperis. See 28 U.S.C. § 1915(a); see also ECF Nos. 2, 5. Accordingly, plaintiff's request will be granted.

1

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     MOTION TO AMEND THE COMPLAINT

Plaintiff filed his initial complaint on January 26, 2018. ECF No. 1. Thereafter, on April 30, 2018, plaintiff filed a motion to amend the complaint as well as a first amended complaint ("FAC"). ECF Nos. 9, 10. Because the two complaints are very similar in content and appear to stem from the same set of facts and/or occurrences, the court will grant plaintiff's motion to amend (ECF No. 9) nunc pro tunc, and accordingly will proceed to screening the FAC (ECF No. 10).

III.    SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted),

superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

IV. PLEADING STANDARD

    A. Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source

of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

B. Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington Cty, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Iqbal, 556 U.S. at 676.

Liability may be imposed on supervisory defendants under Section 1983 only if the supervisor: (1) personally participated in the deprivation of constitutional rights or directed the violations, or (2) knew of the violations and failed to act to prevent them. Taylor, 880 F.2d at 1045. A sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation permits supervisorial liability. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (citing Thompkins v. Bell, 828 F.2d 298, 303-304 (5th Cir. 1987)). Defendants cannot be held liable for being generally deficient in their supervisory duties.

## V. FIRST AMENDED COMPLAINT

### A. Causes of Action

In plaintiff's FAC, he states that between October 2014 and today he has been an inmate at either MCSP or HDSP and that at all times during this period, he has relied on medical care providers at these prisons to provide him with necessary medical care. ECF No. 10 at 7. He asserts claims of deliberate indifference to his serious medical needs and cruel and unusual punishment in violation of the Eighth Amendment. See ECF No. 10 at 7, 21. The claims are alleged against twelve named defendants at Mule Creek State Prison ("MCSP") and at High Desert State Prison ("HDSP")[1] as well as against Does 1 through 11, who have yet to be identified.[2] ECF No. 10 at 7-17. Plaintiff sues all defendants in both their official and individual capacities. See ECF No. 10 at 7-17.

### B. Facts in Support

Plaintiff claims that from the date of his arrival at MCSP to the date of his transfer to HDSP, all defendants in both facilities have been fully aware of all his medical needs. See ECF

---

[1] In the body of the FAC, plaintiff names California Department of Corrections Deputy Director J. Lewis; Chief Executive Officer Dr. W. David Smiley (MCSP); registered nurse S. Robert (MCSP); Dr. C. Smith (MCSP); Dr. W. Vaughn (MCSP); Dr. S. Wong (MCSP); Chief Medical Executive Dr. G. Church (HDSP); nurse practitioner or physician's assistant R. Miranda (HDSP); registered nurse practitioner L. Christenser (HDSP); primary care provider Dr. Abur-Rahman (HDSP); Chief Physician Dr. Larry Gideon (HDSP), and Americans with Disabilities Associate J. Pickett (HDSP). See ECF No. 10 at 7-15.

[2] Plaintiff identifies Does 1 through 11 as "successors of defendant director training." Does 1 through 5 are located at MCSP, and Does 6 through 11 are located at HDSP. See ECF No. 10 at 15-17. According to plaintiff Does 1 through 11 are "responsible in some matter for the injuries alleged in [the] complaint." ECF No. 10 at 16 (brackets added).

No. 10 at 17-18. He also claims that all defendants at HDSP have known about his medical condition since he transferred there, but they have neglected, refused, or outright denied him treatment and proper diagnosis of the medical conditions mentioned in the complaint. See ECF No. 10 at 18.

### 1. Failure to Properly Treat Pain-Inducing Ailments

Plaintiff asserts that upon his arrival at MCSP in October 2014, he was diagnosed with migraine headaches, as well as shoulder, lower back, knee and foot problems that caused him severe pain, and that defendants have known about these conditions since then. ECF No. 10 at 17, 20-21. These ailments affect plaintiff's ability to do activities of daily living and participate in prison activities. See ECF No. 10 at 21. Plaintiff contends generally that the doctors knew pain medication could reduce his pain, but they either neglected or refused to give him proper treatment and medical care. See ECF No. 10 at 17. As a result, he "has suffered and continues to suffer from [sic] severe pain." ECF No. 10 at 18 (brackets added).

### 2. Failure to Provide Assisted Mobility Device

Plaintiff also alleges that defendants knew about the brain surgery he had to eliminate his migraines, and the fainting that sometimes occurred when he stood. See ECF No. 10 at 17. Despite this fact, his request for an ADA walker with a chair to prevent injury were he to fall was denied. See ECF No. 10 at 17. Plaintiff contends that being issued a walker with a chair would enable him to sit when he felt lightheaded and could also prevent him from falling and further injuring himself. See ECF No. 10 at 17.

### 3. Failure to Provide Sanitizing Equipment and Sanitary Conditions

Plaintiff further contends that since October 2015, he has had a damaged bladder which, at times, causes him to urinate on himself. See ECF No. 10 at 17. As a result, he needs and has requested medical equipment such as catheters, catheter storage containers, lubricant for catheterization, and latex gloves for safe and sanitary self-catheterization, as well as sanitary living quarters. See ECF No. 10 at 17. Despite these facts, plaintiff has only been given a medical chrono for daily showers. See ECF No. 10 at 17.

////

### 4. Failure to Provide Daily Treatment and Medication

Because of plaintiff's ailments, he requires daily treatment and medication which he has been denied. See ECF No. 10 at 18. He asserts that "all defendants[] at all times mentioned in [the] complaint acted wantonly, sadistically[] and maliciously to inflict [pain upon him] including physical injury and psychological and emotional distress." ECF No. 10 at 18 (brackets added).

### 5. Punishment and Retaliation for Past Behavior

Finally, plaintiff alleges that he is being denied pain medication and treatment for his medical conditions, as well as adequate ADA devices, as continued punishment and as retaliation for a 2014 recreational drug overdose at Calipatria State Prison. See ECF No. 10 at 18. Plaintiff believes this because prior to the overdose, he was receiving pain medication for his chronic pain. However, each time plaintiff sought help for his pain after the overdose incident, defendants mentioned the overdose and denied him treatment. See ECF No. 10 at 19. In addition, defendants have withheld medical supplies, such as those needed for self-catherization. See ECF No. 10 at 19.

## VI. APPLICABLE LAW

### A. Eighth Amendment – Deliberate Indifference to a Serious Medical Need

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and citations omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious . . . a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). This first requirement is satisfied by "demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Lemire v. California Dept. of Corrections and Rehabilitation, 726 F.3d 1062, 1081 (9th Cir. 2013).

Second, the prison official must have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Farmer, 511 U.S. at 834 (internal quotation marks and citations omitted). This second prong is "satisfied by showing (a) a purposeful act or

failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); accord, Lemire, 726 F.3d at 1081; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012). Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Jett, 439 F.3d at 1096 (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)); accord, Lemire, 726 F.3d at 1081; Wilhelm, 680 F.3d at 1122.

Whether a defendant had requisite knowledge of a substantial risk of harm is a question of fact. Farmer, 511 U.S. at 842. Thus, liability may be avoided by presenting evidence that the defendant lacked knowledge of the risk and/or that his response was reasonable in light of all the circumstances. See id. at 844–45; see also Simmons v. Navajo Cty Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010) (requiring official be subjectively aware of serious medical need and fail to adequately respond to need to establish deliberate indifference).

An official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Then, he must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847. Mere negligent failure to protect an inmate from harm is not actionable under Section 1983. See Farmer, 511 U.S. at 835. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. Lemire, 726 F.3d at 1082 (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

B. Eighth Amendment – Cruel and Unusual Punishment

"The Eighth Amendment proscribes the infliction of cruel and unusual punishment on prisoners. To establish a viable claim of cruel and unusual punishment and recover damages, a plaintiff must show: "(1) that the specific prison official, in acting or failing to act, was deliberately indifferent to the mandates of the [E]ighth [A]mendment[,] and (2) that this

indifference was the actual and proximate cause of the deprivation of the inmates' [E]ighth [A]mendment right to be free from cruel and unusual punishment." Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (brackets added) (citation omitted); see also Somers v. Thurman, 109 F.3d 614, 622 (9th Cir. 1997) (citing Hudson, 503 U.S. at 8) (stating courts must ask whether officials acted with sufficiently culpable state of mind and whether wrongdoing was objectively harmful enough to establish a constitutional violation).

Whether a particular event or condition in fact constitutes 'cruel and unusual punishment' is gauged against "'the evolving standards of decency that mark the progress of a maturing society.'" Schwenk v. Hartford, 204 F.3d 1187, 1196 (9th Cir. 2000) (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)). "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." Whitley, 475 U.S. at 319; see Somers, 109 F.3d at 622 (citing Whitley). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley, 475 U.S. at 319 (alteration in original) (internal quotation marks omitted) (quoting Ingraham v. Wright, 430 U.S. 651, 670 (1977)).

VII. ANALYSIS

A. Deliberate Indifference to a Serious Medical Need[3]

The FAC alleges that plaintiff has been deprived of (1) medication for his painful

---

[3] The FAC does not clearly identify which actions of defendants' plaintiff believes constitute deliberate indifference to his serious medical needs and which actions he believes constitute cruel and unusual punishment. See generally ECF No. 10. As a result, the above analysis is based upon the court's construction of the FAC in light of its entire contents. In the second amended complaint, plaintiff must clearly state which specific actions of defendants relate to which of the two claims.

9

ailments; (2) an assisted mobility device, and (3) sanitary equipment and conditions to maintain his catheter. See ECF No. 10 at 17-18. Because such deprivations could result in further significant injury to plaintiff or cause an unnecessary and wanton infliction of pain, these allegations adequately establish objectively and sufficiently serious deprivations. See Farmer, 511 U.S. at 834; Lemire, 726 F.3d at 1081.

However, the FAC fails to create a nexus or link between these deprivations and the actions of specific defendants. To demonstrate a civil rights violation, a plaintiff must show that each defendant's conduct caused a deprivation of the plaintiff's constitutional or statutory rights. See 42 U.S.C. § 1983; Starr v. Baca, 652 F.3d 1202, 1205-1206 (9th Cir. 2011). Indeed, a showing that each defendant personally participated in the deprivation of plaintiff's rights is a basic requirement of a Section 1983 claim. See Jones, 297 F.3d at 934; see also Ortez, 88 F.3d at 809. A plaintiff must allege facts, not simply conclusions, that show an individual was personally involved in the deprivation of his civil rights. See Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998).

In addition, plaintiff fails to identify the specific, purposeful acts by each defendant, as well as the resulting specific harm caused, that are needed to establish Eighth Amendment violations. See Farmer, 511 U.S. at 834 (requiring sufficiently culpable state of mind); see also Jett, 439 F.3d at 1096 (requiring purposeful act or failure to respond as well as harm caused to demonstrate culpable state of mind). Instead of directly stating, "Defendant Number One intentionally and/or maliciously did A, B, and C to me, which led to this specific type of harm," plaintiff makes broad, sweeping statements like, "all defendants at all times . . . acted wantonly, sadistically and maliciously to inflict pain upon me." See ECF No. 10 at 18.

The absence of specific, causal links between individual government actors and particular constitutional injuries is further reflected in the fact that plaintiff does not know the gender and identities of a number of the named defendants. See, e.g., ECF No. 10 at 7-10 (plaintiff stating he is suing individual defendants "in his/her official and individual capacities"); see also ECF No. 10 at 16 (plaintiff generally identifying Does 1 through 11 as "being responsible in some manner for the injuries alleged"). Without specific allegations of fact linking each individual defendant to

a specific constitutional violation, whether or not an individual defendant's name is known to plaintiff, the FAC does not state claims on which relief could be granted.

For these reasons, plaintiff's putative claims of deliberate indifference to serious medical needs are not adequate to proceed as pled.

### B. Cruel and Unusual Punishment

Plaintiff's claim of cruel and unusual punishment is also insufficiently supported by the factual allegations of the FAC. Plaintiff alleges in general terms that the deprivation of medication, of treatment for his medical conditions, and of an ADA assisted walking device by defendants because of his past drug overdose was punitive and retaliatory in nature. See ECF No. 10 at 18-19. If this is true, it may arguably implicate "the evolving standards of decency that mark the progress of a maturing society." Schwenk, 204 F.3d at 1196 (citation omitted). However, the facts set forth in the FAC do not establish that any resulting pain was "unnecessary and wanton" (see Whitley, 475 U.S. at 319), nor that the alleged indifference of specific defendants was the actual and proximate cause of the constitutional violation (see Leer, 844 F.2d at 634). Consequently, this claim also fails.

If plaintiff was intentionally deprived of pain medication by specific defendants and, as plaintiff speculates, that deprivation was precipitated by plaintiff's prior drug overdose, this could be a justifiable response to past abuse of pain medication rather than the "unnecessary and wanton" infliction of suffering. See Lemire, 726 F.3d at 1081. Additionally, if the denial of pain management treatment was based on a prison regulation that was reasonably related to legitimate penological interests, then plaintiff's cruel and unusual punishment claim fails. See Turner v. Safley, 482 U.S. 78, 89 (1987) (holding prison regulation valid and may impinge upon inmates' constitutional rights if reasonably related to legitimate penological interests). Moreover, if the denial was the choice of a medical professional at the prison, and the decision was a medically acceptable one, plaintiff's cruel and unusual punishment claim also fails. See Farmer, 511 U.S. at 845 ("[P]rison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause."). This is because a difference in opinion between a prisoner patient and prison medical authorities regarding treatment, without more, does not give rise to a § 1983

claim. Franklin v. State of Oregon Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981) (citation omitted). For all these reasons, the facts set forth in the FAC do not state a claim on which relief could be granted.

C. Leave to Amend

As pleaded, the FAC does not state a claim upon which relief may be granted, and therefore must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff will be provided an opportunity to amend the complaint, in order to address the deficiencies identified above.

VIII. REMAINING OUTSTANDING MOTIONS

A. Motion for Assistance with Serving Defendants

On February 16, 2018, plaintiff filed a motion for assistance with serving defendants. ECF No. 7. Because plaintiff proceeds in forma pauperis, where service of process is appropriate it will be handled by officers of the court without the need for plaintiff to take any further action. See 28 U.S.C. § 1915(d). Accordingly, should plaintiff file a second amended complaint which passes screening, the complaint will be served on any defendant(s) against whom plaintiff has stated a claim. The motion will therefore be denied as moot.

B. Motion for the Appointment of Counsel

On April 30, 2018, plaintiff filed a motion to appoint counsel. ECF No. 11. In it, he states that counsel should be appointed because he can neither read nor write, his suit is complicated, his vision is impaired, and because "due to his brain operation" he is unable to proceed without assistance. See ECF No. 11 at 1-2.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood, 900 F.2d at 1335-36.

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328,

1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. Plaintiff's pleadings to date, which do not state under penalty of perjury that they were written by someone else, contradict his claims that he is unable to read and write and that because of his brain operation he lacks the capacity to proceed. Consequently, the court will deny plaintiff's motion for the appointment of counsel (ECF No. 11) without prejudice.

IX.     PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

Your motion to proceed in forma pauperis has been granted. As a result, you will be able to repay the filing fee in small amounts over an extended period of time instead of all at once.

Your motion to amend your original complaint has also been granted. Consequently, the court considered your first amended complaint in this order instead of the original complaint that you filed.

Having reviewed your first amended complaint, the court has determined that your Eighth Amendment claims of deliberate indifference to serious medical need and of cruel and unusual punishment fail to state claims upon which relief may be granted. This is because the claims are alleged in general language, and it is unclear which particular defendants did which specific acts that violated your constitutional rights. It is also unclear what specific harm was caused by each defendant's actions.

In addition, your allegations do not show that each defendant had actual knowledge of your ailments and was purposely indifferent to your medical needs. You have not provided facts showing that the denial of pain medication was medically unacceptable, or unrelated to legitimate prison interests given your past drug overdose. Because your ability to be granted relief depends upon whether you can provide this information, it is important that your second amended complaint does this. Otherwise, this matter will be dismissed.

As for your remaining motions: You do not need a court order granting assistance with

service, because you are proceeding in forma pauperis. If you file a second amended complaint that contains the necessary facts, that complaint will automatically be served by officers of the court. Your motion for appointment of counsel will also be denied because you have not demonstrated that exceptional circumstances exist that warrant the appointment of counsel. However, should your ability to represent yourself change, you may renew the motion.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's motion to amend the original complaint (ECF No. 9) is GRANTED nunc pro tunc;

4. The First Amended Complaint (ECF No. 10) is dismissed with leave to amend for failure to state a claim upon which relief can be granted. Plaintiff shall file a Second Amended Complaint within thirty (30) days from the date of this order. Failure to file the amended complaint within that timeframe may result in a recommendation to dismiss this action for failure to comply with a court order;

5. Plaintiff's motion for assistance with serving defendants (ECF No. 7) is DENIED as moot in light of the grant of IFP status; and

6. Plaintiff's motion to appoint counsel (ECF No. 11) is DENIED without prejudice.

DATED: September 4, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE