| | |
|---|---|
| JOSE RAMIREZ-SALGADO,<br><br>Plaintiff,<br><br>v.<br><br>J. LEWIS, et al.,<br><br>Defendants. | No. 2:18-cv-0185 AC P<br><br><br><br>ORDER |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff, a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983, has requested appointment of counsel. See ECF No. 16. In support of this motion, plaintiff contends that he is indigent, that he knows nothing about "civil law," that he is legally blind, that he has a head injury, and that another inmate who has assisted him with the filing of his complaint and other documents to date may be transferred to a different facility, which, presumably, will leave him without assistance. See id. at 1-2. In addition, plaintiff has filed his own declaration stating the same, a declaration from one Tyrone Hunt who declares he has assisted plaintiff with his pleadings throughout these proceedings, and medical records he believes support his assertion that the appointment of counsel is warranted. See id. at 3-8.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the

////

1

voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Moreover, a review of the medical records provided by plaintiff indicate that although he qualifies as legally blind, plaintiff has been prescribed glasses and a lighted magnifier which assist him with reading. See ECF No. 16 at 7. In addition, the head injury that plaintiff asserts is debilitating is noted in the records as "not appear[ing] serious at this time." See id. at 8 (brackets added). Given these facts, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 16) is denied.

DATED: October 15, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE