UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RAMIREZ-SALGADO,<br><br>   Plaintiff,<br><br>   v.<br><br>J. LEWIS, et al.,<br><br>   Defendants. | No. 2:18-cv-0185 AC P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 28 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On October 12, 2018, plaintiff filed a motion for a temporary restraining order. ECF No. 17. Plaintiff asserts that a TRO is necessary to prevent "C/O E. Monk, C/O C. Mossman, C/O Rose, and counselor S. Barnes, to stop and prevent them from further harassing, threatening, and trying to intimidate [him] in the above case and action." Id. at 1. Plaintiff contends that a false Rules Violation Report ("RVR") was issued to him and that he is "being constantly harassed" by the aforementioned individuals "for no other reason but for him [sic] filing the above lawsuit." Id. A review of the records provided indicates that the RVR charged plaintiff with delaying a peace officer in the performance of duties. See ECF No. 17 at 4. Plaintiff was ultimately found not guilty of the charge. See id. at 8.

1

I. APPLICABLE LAW

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party only if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). Local Rule 231(a) states that "[e]xcept in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel[.]" In the absence of such extraordinary circumstances, the court construes a motion for temporary restraining order as a motion for preliminary injunction. See, e.g., Aiello v. One West Bank, No. 2:10–cv–0227–GEB–EFB, 2010 WL 406092, at *1–2 (E.D. Cal. Jan. 29, 2010).

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

II. ANALYSIS

The court will deny plaintiff's motion. First, none of the alleged perpetrators of harm are named defendants in this matter, and notice is deficient. This court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

In any event, even if the alleged perpetrators were the named defendants and notice had been proper, plaintiff does not clearly state how he is being harmed. To the extent plaintiff is attempting to assert that the filing of a "false" RVR against him constitutes harm, the harm is not ongoing. Moreover, given that plaintiff was found not guilty of the alleged offense, any alleged harm caused is not irreparable. Finally, to the extent that plaintiff has filed the instant motion so that he "will not continue[] to be harmed and subjected to retaliation" (see ECF No. 17 at 1), speculative injury does not constitute irreparable harm. See Caribbean Marine Servs. Co., 844

F.2d at 674; Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). A presently existing actual threat must be shown, although the injury need not be certain to occur. See Zenith Radio Corp., 395 U.S. at 130-31; FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998); Caribbean Marine Servs. Co., 844 F.2d at 674.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for a temporary restraining order (ECF No. 17) is DENIED.

DATED: October 17, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE