UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RAMIREZ-SALGADO, | No. 2:18-cv-0185 AC P |
| Plaintiff, | |
| v. | ORDER |
| J. LEWIS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this court for its review is plaintiff's second amended complaint ("SAC"). For the reasons stated below, plaintiff will be given a final opportunity to amend his complaint.

I. RELEVANT PROCEDURAL HISTORY

On April 30, 2018, plaintiff filed a first amended complaint ("FAC") of his own volition. See ECF No. 10. The FAC alleged Eighth Amendment deliberate indifference claims against approximately twelve different named defendants and ten John Does at High Desert State Prison and Mule Creek State Prison. See id. at 1-3, 6-22. Specifically, plaintiff alleged that he had been deprived of (1) medication for his pain; (2) an assisted mobility device, and (3) sanitary

////

equipment and/or conditions to maintain his catheter. See id. at 17-18. The FAC also made cursory allegations of cruel and unusual punishment against the defendants. See id. at 21.

On September 5, 2018, the FAC was screened. With respect to plaintiff's deliberate indifference claim, the court found that the FAC had failed: (1) to create a nexus or link between the deprivations plaintiff had raised and the actions of specific defendants, and (2) to identify the specific, purposeful acts done by each defendant as well as the resulting specific harm needed to establish Eighth Amendment violations. See ECF No. 12 at 10. Consequently, it was determined that plaintiff's claims of deliberate indifference to his serious medical needs had not been sufficiently pled in order to proceed. See id. at 11.

With respect to plaintiff's cruel and unusual punishment claim, the court found that the facts provided did not establish that pain resulting from plaintiff's treatment was "unnecessary and wanton," nor that the alleged indifference of specific defendants were the actual and proximate cause of the constitutional violation. See ECF No. 12 at 11. As a result, it was determined that this claim was not cognizable either. See id. at 11-12.

Plaintiff was given an opportunity to amend the complaint, and advised regarding the deficiencies that needed to be remedied in a Second Amended Complaint. See id. at 13-14.

## II. PLEADING STANDARD

### A. Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

////

2

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

B. Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Iqbal, 556 U.S. at 676.

III. SECOND AMENDED COMPLAINT[1]

The SAC asserts claims of deliberate indifference to serious medical need and violations of plaintiff's right to personal safety against several defendants at Mule Creek State Prison

---

[1] In the second amended complaint, plaintiff adds additional defendants to his pleading. Compare ECF No. 10 at 1-3, 6-17 (FAC), with ECF No. 15 at 1-18 (SAC). The court will direct the Clerk of Court to add the newly-named defendants to the case caption of the docket.

("MCSP")[2] and at High Desert State Prison ("HDSP")[3]. See generally ECF No. 15 at 1-2, 18-22. Plaintiff also alleges that his rights were violated by J. Lewis, Deputy Director of the California Department of Corrections and Rehabilitation. See id. at 2-3. The constitutional violations at MCSP are alleged to have occurred between October 2014 and December 2016. See id. at 2. The constitutional violations at HDSP are alleged to have occurred between December 2016 and September 2018. See id. at 2.

IV. DISCUSSION

Plaintiff's SAC suffers from many of the same problems as his FAC. First, a number of the defendants are supervisors who appear to have had no direct, specific or active involvement in the alleged violations of plaintiff's rights. See, e.g., ECF No. 15 at 1-11. Instead, the named defendants are said to have been either responsible for supervising and/or enforcing prison policies and procedures at HDSP and MCSP, or to have been generally responsible for the medical care of all inmates at these prisons. See id. at 2-11. As stated above and discussed further below, this is insufficient to state a claim for relief. The SAC provides provided specific facts and a nexus between those facts and plaintiff's harm with regard to only one of the defendants named in this action.

A. Defendant Smiley

Plaintiff alleges that when he arrived at MCSP in October 2014, defendant W. David Smiley, M.D., "refuse[d] or neglected to treat [him]," despite the fact that defendant Smiley had reviewed plaintiff's file and knew that plaintiff suffered from migraine headaches, shoulder, lower back, knee and foot problems that put him in "severe chronic pain." See ECF No. 15 at 11 (brackets added). Plaintiff also asserts that his rights were violated when Dr. Smiley denied him pain medication and a walker with a seat, even though such a walker would keep plaintiff from

---

[2] The named defendants at MCSP are: W. David Smiley, M.D. and CEO; S. Robert, R.N. and supervisor; C. Smith, M.D., Chief Physician and surgeon; W. Vaughn, M.D. and primary care provider, and S. Wong, M.D. and primary care provider. See ECF No. 15 at 3-6.
[3] The named defendants at HDSP are: G. Church, M.D. and Chief Medical Executive; R. Miranda, R.N.P. or P.A.; L. Christenser, R.N.P.; Abdur-Rahman, M.D. and supervisor; Larry Gideon, M.D. Chief Physician and surgeon or CMO, and J. Pickett, ADA Associate Warden Coordinator. See ECF No. 15 at 6-11.

4

falling and hurting himself. See id. at 11-14. Plaintiff contends that Dr. Smiley's failure to treat him was wanton, sadistic and malicious. See id. at 13. He also alleges that because Dr. Smiley "refused, neglected and failed to treat [him]," he was in "constant pain" that "resulted in further significant injury," and that this constitutes a violation of his rights under the Eighth Amendment. See id. at 12-13 (brackets added). Plaintiff further asserts that Dr. Smiley's failure to adequately address plaintiff's bladder problems and provide him with necessary self-catheterization supplies and ADA appliances also violated his rights. See id. at 13-15.

Construing the complaint liberally,[4] the court finds that plaintiff has stated a cognizable claim of deliberate indifference to serious medical need with respect to Dr. Smiley. This claim is supported by the alleged denial of pain medication, decision not to provide plaintiff a walker with a seat, and failure to provide medication, treatment and equipment for plaintiff's bladder condition.

### B. Remaining Defendants

As noted earlier, it appears that most of the remaining defendants were simply supervisors and that they had no direct contact or interaction with plaintiff. See generally ECF No. 15 at 1-11. As a general rule, supervisors cannot be held liable under Section 1983 for the actions of their subordinates. See Iqbal, 556 U.S. at 676. To state cognizable claims against each of the remaining defendants, plaintiff will need to show that each of these prison employees had a specific and active hand in violating his rights under the Constitution and that their actions or inaction led to his harm. See generally West, 487 U.S. at 48; Ketchum, 811 F.2d at 1245; see also Ortez, 88 F.3d at 809; Taylor, 880 F.2d at 1045.

Throughout the remainder of the twenty-five-page complaint, plaintiff lodges the same allegations he made against Dr. Smiley against the remaining defendants via incorporation by reference. See ECF No. 15 at 14-18. Plaintiff also makes general and conclusory allegations of deliberate indifference to his safety against the defendants collectively. See id. at 18-22.

---

[4] This court is obligated to liberally construe the pleadings of pro se litigants. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (stating pro se documents are to be liberally construed); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (stating pro se pleadings are held to less stringent standard than those drafted by lawyers).

5

However, no specific events or actions regarding plaintiff's personal safety are mentioned. Id. These allegations fail to state a claim that any of the defendants other than Dr. Smiley violated plaintiff's rights.

V.     OPTIONAL LEAVE TO AMEND

Plaintiff has a choice to make. He may *either* (1) proceed immediately on his claim that Dr. Smiley violated his rights under the Eighth Amendment by deliberate indifference to his medical needs, dismissing all other defendants; *or* (2) amend the complaint a *final* time in an attempt to state claims against the other defendants. A form is attached to this order, which plaintiff should return to the court to indicate which of these two options he chooses.

If plaintiff chooses to file an amended complaint, it will take the place of the second amended complaint. See Lacey, 693 F.3d at 925 (stating amended complaint supersedes original complaint). Any amended complaint should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. See L.R. 220 (E.D. Cal. 2009). This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

////

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days of the date of this order, plaintiff shall complete and file the attached Plaintiff's Notice on How to Proceed form, and

2. Should plaintiff opt to amend the second amended complaint, plaintiff shall have thirty days from the date of this order to file a third amended complaint.

DATED: February 20, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| JOSE RAMIREZ-SALGADO, | No. 2:18-cv-0185 AC P |
|---|---|
| Plaintiff, | |
| v. | PLAINTIFF'S NOTICE ON HOW TO PROCEED |
| J. LEWIS, et al., | |
| Defendants. | |

<u>CHECK ONE</u>:

\_\_\_\_\_ Plaintiff would like to proceed immediately on his Eighth Amendment claims against defendant W. David Smiley, M.D. By choosing to go forward without amending the complaint, plaintiff: (1) consents to the dismissal without prejudice of the claims against defendants J. Lewis, S. Robert, C. Smith, W. Vaughn, S. Wong, G. Church, R. Miranda, L. Christenser, Abdur-Rahman, Larry Gideon, and J. Pickett, and (2) chooses to forego any related and/or potentially viable claims against them and any other potential, yet to be named defendants.

\_\_\_\_\_ Plaintiff would like to amend the complaint.

DATED: _____

                                                JOSE RAMIREZ-SALGADO
                                                Plaintiff Pro Se