UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RAMIREZ-SALGADO,<br><br>  Plaintiff,<br><br> v.<br><br>J. LEWIS, et al.,<br><br>  Defendants. | No. 2:18-cv-0185 JAM AC P<br><br><br>ORDER |

   Plaintiff, a state prisoner proceeding pro se and in forma pauperis with a civil rights action, has requested appointment of counsel. ECF No. 32. In support of the motion, plaintiff states that a fellow inmate who had been assisting him with preparing motions in this matter has left High Desert State Prison. Plaintiff further asserts that he does not have the skill, training or experience to represent himself, and that his physical ailments and below average reading level further impede his ability to represent himself. See id. at 1-3. Plaintiff attaches declarations to support these claims. See ECF No. 32 at 4-8.

   The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

1

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

The content of plaintiff's complaint and subsequent filings demonstrate that plaintiff has sufficient understanding of these proceedings as well as the ability to move this matter forward. Moreover, to the extent plaintiff asserts that the loss of inmate legal assistance warrants the appointment of counsel, the court also notes that the instant request is cogent and includes two supporting declarations as well as other relevant exhibits. See ECF No. 32 at 4-14. Without more, the fact that plaintiff was also assisted with filing this request (see ECF No. 32 at 8) does not demonstrate exceptional circumstances warranting appointment of counsel. Nothing about the complexity or potential merit of the case indicates that such circumstances exist at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 32) is DENIED.

DATED: June 9, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE